IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WILLIE JOE LANE, JR. and <br> JACQUELINE COOPER, <br><br> *Plaintiffs*, <br><br> v. <br><br> CITY OF JASPER, TEXAS, *et al.*, <br><br> *Defendants*. | § <br> § <br> § <br> § <br> §    CIVIL ACTION NO. 1:24-CV-150-MJT <br> § <br> § <br> § <br> § <br> § |

**ORDER OVERRULING DEFENDANT'S
OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On December 6, 2024, the Honorable Christine L. Stetson, United States Magistrate Judge, issued a Report and Recommendation [Dkt. 26] advising the Court to grant in part and deny in part Defendant City of Jasper, Texas's (the "City's") Motion to Dismiss [Dkt. 21] as follows: (1) denied as to Plaintiffs Willie Joe Lane, Jr.'s and Jacqueline Cooper's physical and regulatory takings claims brought directly under the Fifth Amendment, as well as through 42 U.S.C. § 1983; (2) granted as to Plaintiffs' § 1983 claim of discrimination under the Fourteenth Amendment's Equal Protection Clause; and (3) granted as to Plaintiffs' state law negligence claims brought under both the Texas Tort Claims Act and § 1983.

Plaintiff Willie Joe Lane, Jr.'s and the City's objections to the report were originally due by December 20, 2024, and Plaintiff Jacqueline Cooper's by December 23, 2024.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 6(d).  On December 20, 2024, the parties jointly filed a motion requesting an extension to January 3, 2025, to file objections to the report.  [Dkt. 33].  The Magistrate Judge granted the motion and gave the parties until January 6, 2025, to do so.  [Dkt. 39].  On January 3, 2025, the City filed timely objections to the report.  [Dkt. 38].  To date, Plaintiffs have filed two, untimely[1] Oppositions to Motion to Dismiss, which do not alter this order's outcome for the reasons discussed below, even were the Court to construe them as objections to the report.  [Dkts. 34, 35].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  "Frivolous, conclusive or general objections need not be considered by the district court."

### I. The Unobjected-to Findings of Facts and Conclusions of Law of the Report and Recommendation [Dkt. 26] are Adopted

No party objected to the following findings of fact and conclusions of law: (1) Plaintiffs' 42 U.S.C. § 1983 claim of discrimination under the Fourteenth Amendment's Equal Protection Clause should be dismissed for failure to state a claim; and (2) Plaintiffs' state law negligence

---

[1] Plaintiffs filed their responses to the City's motion to dismiss roughly four months after their deadline to do so without leave of court and nearly one month after the Magistrate Judge issued the report.  (Docs. #21, #26, #35, #36); E.D. TEX. LOC. R. 7-CV(e).

claims brought under both the Texas Tort Claims Act and 42 U.S.C. § 1983 should be dismissed for failure to state a claim.

The Court has received and considered the Report and Recommendation of the United States Magistrate Judge [Dkt. 26] pursuant to such referral, along with the record, pleadings, and all available evidence. After careful consideration, the Court finds that the above unobjected-to findings of fact and conclusions of law of the United States Magistrate Judge are correct. Accordingly, the above unobjected-to findings of fact and conclusions of law in the Report and Recommendation of the United States Magistrate Judge [*id.*] are adopted. Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment discrimination claim and Texas state law negligence claims brought under the Texas Tort Claims Act and 42 U.S.C. § 1983 are dismissed.

> **II.    The City's Objections [Dkt. 38] to the Report and Recommendation [Dkt. 26] are Overruled**

The City objects on multiple grounds to the report's recommendation that its motion to dismiss be denied as to Plaintiffs' physical and regulatory takings claims brought directly under the Fifth Amendment, as well as through 42 U.S.C. § 1983.

> *A. The Court will not consider issues raised for the first time in the City's objections*

The City first argues that Plaintiffs failed to plead sufficient facts, which accepted as true, state plausible claims to relief and therefore Rule 12(b)(6) warrants dismissal. [Dkt. 38 at 3–6]. Whatever the merit of this argument, the City did not raise this issue in its motion to dismiss. *See* [Dkt. 21]. Ergo, the Magistrate Judge did not address it. *See* [Dkt. 26]. The three grounds upon which the City moved for dismissal were the applicable statute of limitations, the inapplicability of the Fifth Amendment to state and local governments, and Plaintiffs' failure to allege an official

3

policy, practice, or custom to establish a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).  [Dkt. 21 at 4–9].

The Fifth Circuit has "held that issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."  *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *Paulson v. TDCJ*, No. 6:22-CV-2-JDK-KNM, 2024 WL 4346376, at *4 (E.D. Tex. Sept. 27, 2024) (citations omitted); *Traylor v. United States*, No. 3:21-CV-104-KHJ-MTP, 2021 WL 5919023, at *3 (S.D. Miss. Dec. 15, 2021) (citations omitted).  The City's "motion to dismiss, rather than objections to a Report and Recommendation, [were] the proper vehicle for *specific* challenges to Plaintiff[s'] … amended complaint."  *Paulson*, 2024 WL 4346376, at *4 & n.2 (emphasis added).  Because this issue is not properly before the Court, the City's objection [Dkt. 38 at 3–6] is overruled.

### B. The City did not carry its burden to show that Plaintiffs' takings claims are barred by the applicable statute of limitations

The City objects to the report's finding that it did not demonstrate that the applicable two-year statute of limitations barred Plaintiffs' takings claims.  *Id.* at 5–6.  It inaptly premises its objections on evidence not before the Magistrate Judge and presented for the first time in its objections: (1) Plaintiffs' "admi[ssion]" in their untimely Oposition to Motion to Dismiss that "they became aware of the subject demolition and resulting damage at least '2 years and 6 months' prior to the filing" of their amended complaint; and (2) an invoice received by the City from the demolition firm dated November 16, 2020.  [Dkts. 38 at 5–6 [quoting Dkt. 35 at 1], 38-1 at 2].

After independent review, the Court agrees with the Magistrate Judge that the City did not meet its burden to establish that Plaintiffs' takings claims are time-barred at this point in the litigation.  As noted in the report, Plaintiffs were "not required to allege that [their] claims were

4

filed within the applicable statute of limitations." *Frame v. City of Arlington*, 657 F.3d 215, 239–40 (5th Cir. 2011) (en banc) (citing *Simpson v. James*, 903 F.2d 372, 375 (5th Cir. 1990)). This is so because "the statute of limitations is an affirmative defense that places the burden of proof on the party pleading it." *Id.* (first quoting *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 320 (5th Cir. 2004); then citing *In re Hinsley*, 201 F.3d 638, 644–45 (5th Cir. 2000); and then citing FED.R.CIV.P. 8(c)). Here, the City. And "dismissal at the 12(b)(6) stage is proper only 'where it is evident from the [complaint] that the action is barred and the [complaint] fail[s] to raise some basis for tolling.'" *Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 200 (5th Cir. 2021) (quoting *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351 (5th Cir. 2011)).

The Magistrate Judge rightly concluded that it is not evident from Plaintiffs' amended complaint that their takings claims are time-barred by the two-year statute of limitations and the City consequently failed to carry its burden.[2] [Dkt. 26 at 9–10]. If the City wishes to pursue this affirmative defense based on evidence and not pleadings, the "normal[]" approach, then it is free to file a motion for summary judgment pursuant to Rule 56.[3] *Dollery v. Post Acute Med. Mgmt.*, No. 6:18-CV-00104, 2022 WL 161333, at *1 (S.D. Tex. Jan. 18, 2022) (quoting *Frame*, 657 F.3d at 240) ("As a general rule, then, the statute of limitations is normally 'an issue that must be resolved through discovery and summary judgment or trial.'"). The City's objection [Dkt. 38 at 5–6] is overruled.

---

[2] The court also concurs with the Magistrate Judge's assessment that Plaintiffs failure to timely respond to the City's motion to dismiss does not alter the outcome of this issue by operation of Local Rule CV-7(d). [Dkt. 26 at 12].

[3] If the City elects to do so, then it should be mindful that it only raised the two-year statute of limitations defense with respect to a physical taking claim brought under § 1983. [Dkts. 21 at 6, 38 at 5–6]. In addition to the unaddressed regulatory takings claim, treatment of whether Plaintiffs can also bring their two takings claim directly under the Fifth Amendment itself and the applicable statute of limitations in that instance may be warranted, based on the Court's reading of the operative complaint.

## C. *Plaintiffs sufficiently alleged a City policy, practice, or custom*

Lastly, the City argues that Plaintiffs failed to adequately plead a City policy, practice, or custom to establish a *Monell* claim. *Id.* at 6–8. The report construed Plaintiffs' amended complaint as alleging a physical taking—the damage to Plaintiffs' properties caused by the City's demolition—and a regulatory taking—the City's issuance of citations for those damages for violating the City's building code ordinances. [Dkt. 26 at 9]. The City does not object to the report's finding that it conceded that it "'demolished a City building' pursuant to its Council's official decision to do so," and that it "'issued separate citations to each Plaintiff for building code violations'" and that "'City Council denied Plaintiffs' appeal'" of those citations. *Id.* at 13–14 (quoting [Dkt. 21 at 3–4]). The Court agrees with the Magistrate Judge that these two actions constitute "plausible 'unconstitutional action[s] by a municipal actor'—that is, denial of constitutionally mandated just compensation following a taking by the government." [Dkt. 26 at 14 (quoting *Bolton v. City of Dallas*, 541 F.3d 545, 548 (5th Cir. 2008))].

The Magistrate Judge explained that "a municipality may be liable for a single decision by its properly constituted legislative body ... because even a single decision by such a body constitutes an act of official government policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). As the Fifth Circuit elaborated in *Bolton*, "a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker." 541 F.3d at 548. Tellingly, the City does not object to the report's conclusion of law, which the Court agrees with upon review, that the City's Council is the final policymaker for Defendant City of Jasper, Texas under Texas law. [Dkt. 26 at 14 n.3]. Thus, the City's citation to *Webb v. Town of Saint Jospeh*, 925 F.3d 209 (5th Cir. 2019) only vindicates the report. There, the Fifth Circuit reiterated that "even a single decision may constitute municipal policy in 'rare circumstances' when the

6

official or entity possessing 'final policymaking authority' for an action 'performs the specific act that forms the basis of the § 1983 claim.'" *Webb*, 925 F.3d at 215 (citations omitted).

When the Court construes all well-pleaded facts and draws all reasonable inferences therefrom in their favor, Plaintiffs have plausibly alleged that City Council—the City's final policymaker—physically and regulatorily took their constitutionally-protected property without just compensation pursuant to the Council's official decisions to demolish the adjacent building (causing damage to Plaintiffs' properties) and issue building code citations (and deny Plaintiffs' appeal thereof)—the specific acts forming the basis of Plaintiffs' claims. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The City's objections [Dkt. 6–8] are overruled.[4]

### III.     Conclusion and Order

The Court has conducted a *de novo* review of the objected-to findings of the Report and Recommendation [Dkt. 26] and concludes that they are correct.  Defendant City of Jasper, Texas's objections [Dkt. 38] are overruled.  It is therefore ORDERED that the objected-to findings of the Report and Recommendation [Dkt. 26] are ADOPTED.  Defendant City of Jasper, Texas's Motion to Dismiss [Dkt. 21] is DENIED as to Plaintiffs' physical and regulatory takings claims brought directly under the Fifth Amendment, as well as through 42 U.S.C. § 1983.

The Court has additionally reviewed the unobjected-to findings of fact and conclusions of

---

[4] The City's assertion that all *Monell* claims, including those for unconstitutional takings, must allege a policy, practice, or custom adopted with deliberate indifference is unpersuasive. [Dkt. 38 at 7]. That particular requirement typically arises for claims not involving an allegation that the municipal action itself violated federal law or authorized the deprivation of federal rights, such as failure-to-train or failure-to-supervise theories of liability. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 406–07 (1997); *Pena v. City of Rio Grande City*, 879 F.3d 613, 623–24 (5th Cir. 2018).  The City provides no legal support for the proposition that every claim of municipal liability requires a showing of deliberate indifference, apart from those alleging that a final policymaker's official decisions directly violated a plaintiff's federally-protected right to just compensation, as is the case here.  *See* [Dkt. 38].

law of the United States Magistrate Judge and concludes they are correct. It is therefore further ORDERED that the unobjected-to findings of fact and conclusions of law in the Report and Recommendation of the United States Magistrate Judge [Dkt. 46] are ADOPTED. Defendant City of Jasper, Texas's Motion to Dismiss [Dkt. 21] is GRANTED as to Plaintiffs' 42 U.S.C. § 1983 Fourteenth Amendment discrimination claim and Texas state law negligence claims brought under both the Texas Tort Claims Act and 42 U.S.C. § 1983.

Accordingly, the findings of fact and conclusions of law in the Report and Recommendation [Dkt. 26] are ADOPTED in full. Defendant City of Jasper, Texas's Motion to Dismiss [Dkt. 21] is GRANTED IN PART and DENIED IN PART consistent with this order.

**SIGNED this 8th day of January, 2025.**

Michael J. Truncale
United States District Judge