IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIE JOE LANE, JR.; and JACQUELINE COOPER, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 1:24-CV-00150-MJT |
| CITY OF JASPER, TEXAS, | § § § | |
| *Defendant*. | § § § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

### I. Background

Plaintiffs Willie Joe Lane Jr. and Jacqueline Cooper have a physical and a regulatory Takings Clause claim against Defendant City of Jasper, Texas. Judge Stetson set out a more detailed factual history in the Report and Recommendation [Dkt. 66] she issued on October 17, 2025, where she advised the Court to grant the City of Jasper's Motion for Summary Judgment [Dkt. 60] because this action was filed past the applicable limitations period. The Clerk of Court received joint objections from the Plaintiffs via U.S. mail on November 12, 2025. [Dkt. 68 at 18].

**II. Legal Standard**

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of the findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

**III. Plaintiffs' Objections**

*A. Timeliness*

Parties have 14 days to object to the report and recommendation of a United States magistrate judge. Here, November 12, 2025, is well past 14 days from October 17, 2025. However, the Clerk of Court did not enter Judge Stetson's Report and Recommendation on the docket until October 20, 2025. As Lane Jr. participates in electronic filing and service via the Court's CM/ECF system, his 14-day window to object ended on November 3, 2025. On the other hand, Cooper files papers and receives service by U.S. mail. As such, her window to object ended November 6, 2025. FED. R. CIV. P. 6(d). The objections arrived after both Plaintiffs' deadlines; however, the document is postmarked on November 4, 2025. [Dkt. 68 at 18]. Since "service is complete upon mailing," the objections are timely.[1] FED. R. CIV. P. 5(b)(2)(C).

---

[1] November 4th is before Cooper's deadline but not Lane Jr.'s. The record does not reflect who sent the objections. Since they were mailed, the Court presumes Cooper did and is therefore assured of the objections' timeliness.

*B. Length*

Plaintiffs' filing totals 17 pages.[2]  Local Rule CV-72(c) limits objections to Reports and Recommendations on case-dispositive matters to eight (8) pages, as Judge Stetson informed the parties [Dkt. 66 at 11].  Typically, the Court would strike those pages exceeding the limit.  *Cf.* E.D. TEX. LOC. R. CV-7(k).  Although the Court is ultimately striking the excess pages, upon further review, the objections do not actually exceed the page limit.

As said, page 18 is the photocopied envelope.  [Dkt. 68].  Page 17 contains large letters reading "Plaintiffs' Response in Opposition to Defendant's Motion for Final Summary Judgment." Page 16 is blank.  Pages 12 through 15 are two unsigned and undated affidavits in which each Plaintiff recites the facts of the case, which the Court was already apprised of.  Page 10 contains the text of an email in which Plaintiffs confirmed their non-opposition to Defendant's July 25, 2025 motion for leave to file their summary judgment motion tardily.  Page 9 is a list of the exhibits Plaintiffs attached to their response to Defendant's summary judgment motion.  Pages 6 through 8 are a word-for-word reproduction of pages 4 through 6 of Plaintiff's response to Defendant's summary judgment motion.  *Compare* [Dkt. 68 at 6–8] *with* [Dkt. 65 at 4–6].  And page 5 is Plaintiffs' proposed order.  [Dkt. 68 at 5].  Those pages are stricken to the extent the Court already received those papers, and otherwise as improper.  Accordingly, Plaintiffs' objections are pages 1 through 4 and 11 of docket entry 68.  Though Plaintiffs call these pages their response in opposition to Defendant's summary judgment motion, the Court treats them as objections to Judge Stetson's Report and Recommendation because they already responded in opposition to the summary judgment motion, see [Dkt. 65].  The Court now turns to the substance of Plaintiffs' objections.

---

[2] The eighteenth page in docket entry 68 is a photocopied scan of the envelope the papers were sent in, made by the Clerk of Court.

*C. The prospects of Plaintiff's proper objections*

Plaintiffs object to Judge Stetson's Report and Recommendation to grant summary judgment for Defendant because "genuine disputes of material fact exist regarding causation, notice, and damages." [Dkt. 68 at 1]. Initially, these objections are OVERRULED as to causation and damages. It is actually "undisputed that the City damaged Plaintiffs' buildings." [Dkt. 66 at 2 n.1]. Next, Plaintiffs' argument about "notice" is misplaced. Notice is not an element of Plaintiffs' physical or regulatory Takings Clause claims. But they are proceeding *pro se*, so the Court liberally construes this objection as Plaintiffs objecting to Judge Stetson's finding that there was no genuine dispute over when Plaintiffs noticed that the City had damaged their building, as that issue was dispositive of the physical Takings Clause claim. [Dkt. 66 at 7–8].

1. Plaintiffs' physical Takings Clause claim

Upon *de novo* review, the Court similarly finds that Plaintiffs' insistence they did not discover the damage to their building until the City issued them a citation in May 2023 is contradicted by the record. *See* [*id.*]. As Judge Stetson found, Plaintiffs' physical Takings Clause claim is "time-barred unless they show a genuine dispute over whether they had awareness of the damage to their properties before March 22, 2022." [*Id.* at 6]. The Court finds they have not. Plaintiffs were aware of the damage to the building at least as early as February 9, 2021, when Ms. Cooper paid half of the $10,000 she contracted to pay for roof repairs to her building. [Dkt. 65 at 52]. Further, per the admissions deemed as "conclusively established" against Plaintiffs, they were aware of the damage to the property in 2020. *See* [Dkt. 60-7 at 6, 10].[3] This claim is time-barred.

---

[3] To the extent Plaintiffs argue that the statute of limitations should not have started running until they knew it was the City who conducted the demolition and not when they noticed damage to their building from the demolition, it is well established that, absent unusual circumstances, the limitations period only tolls until the injury is discovered; it does not wait for the plaintiff to discover the specific defendant who caused the injury. *See Longoria v. City of Bay City*, 779 F.2d 1136, 1139 (5th Cir. 1986).

### 2. Plaintiffs' regulatory Takings Clause claim

Plaintiffs regulatory Takings Clause claim failed because the City's issuance of building-code violations did not deprive Plaintiffs of their ability to use their property.  *See* [Dkt. 66 at 9–10].  In the objections, Ms. Cooper points out that she "can only use a portion of her property." [Dkt. 68 at 3].  But, as Plaintiffs admitted, the extent of this use remains sufficient to not interfere with their investment-backed expectations in or "economic use[s]" of the properties.  *See* [Dkt. 60-7 at 6–7, 10–11].  Further, as Judge Stetson found, "interference with the use of property . . . 'for purposes that are declared, by valid legislation, to be injurious to the health, morals, or safety of the community, cannot, in any just sense, be deemed a taking or appropriation of property.'" *Rhone v. City of Tex. City*, 93 F.4th 762, 771 (5th Cir. 2024).  Here, the City issued the building-code violations for the buildings' "[u]nsafe conditions," and thus any consequent restrictions on use cannot be a taking.  [Dkts. 60-8; 60-9].  Plaintiffs' objections are OVERRULED.

**IV. Remaining Review**

The Court also reviewed the unobjected-to portions of the Report and Recommendation, the record evidence supporting summary judgment, and the briefing, and found no clear error.

**V. Ruling**

The recommendation of the magistrate judge [Dkt. 66] is ADOPTED.  The City's Motion for Summary Judgment [Dkt. 60] is GRANTED.  A final judgment will be entered.

**SIGNED this 18th day of November, 2025.**


Michael J. Truncale
United States District Judge